IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE KRAFCKY, | ) | |
| | ) | Case No. 19-cv-4234 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | |
| | ) | |
| FRUED AMERICA, INC., BROOKS & SONS, INC., and MAKITA U.S.A., INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Theodore Krafcky ("Plaintiff") brings suit against Defendants Freud America, Inc. ("Freud"), Brooks & Sons, Inc. ("Brooks"), and Makita U.S.A., Inc. ("Makita") for personal injuries that Plaintiff sustained while using a Makita angle grinder. Currently before the Court is Makita's motion to dismiss Plaintiff's third amended complaint [93] and Plaintiff's motion for leave to file a fourth amended complaint [98]. The motion to dismiss Plaintiff's third amended complaint [93] is denied as moot given Plaintiff's subsequent filing of a motion for leave to file a fourth amended complaint, which Plaintiff intended to correct any pleading deficiencies in the third amended complaint. Plaintiff's motion for leave to file a fourth amended complaint [98] is denied for the reasons explained below. Plaintiff's claim for breach of implied warranty is barred by the four-year statute of limitations and therefore it would be futile to add this claim to the litigation. Defendant has not demonstrated that Plaintiff's breach of express warranty claim is barred by the statute of limitations, but as currently pled Plaintiff does not state a viable claim for breach of express warranty. However, Defendant has not demonstrated that any further amendment would be futile. Plaintiff is therefore given until October 14, 2022 to file a motion for

leave to file a fifth amended complaint, if he believes he can do so consistent with this opinion and Rule 11.

I. **Background**

The following facts are taken from the proposed fourth amended complaint [98-1] and assumed to be true for purposes of the motion for leave to amend. This case arises from a worksite accident that occurred on May 12, 2017. See [98-1] at 1. Plaintiff alleges that he was operating a Makita 4.5" angle grinder ("angle grinder") with an Avanti Pro Metal Cut Off 7" disc ("disc"), when the disc broke apart and caused a severe injury to his left forearm. Plaintiff purchased the angle grinder five or six months before the accident. See *id.*, ¶ 12.

Plaintiff originally filed this suit against Freud, which manufactured the disc, and Brooks, which operated the worksite where Plaintiff was injured. On May 12, 2021 (exactly four years after the accident), Plaintiff obtained leave to join Makita as a Defendant. See [83]. Defendant moved to dismiss the claims on the basis that they were barred by the applicable four-year statute of limitations. See [93]. The motion was not briefed and instead Plaintiff was granted leave to file a motion for leave to file a fourth amended complaint. See [97]. The proposed fourth amended complaint alleges claims against Makita for breach of express warranty (Count VI) and breach of implied warranty (Count VII).[1] The relevant details of these claims are discussed below. Defendant opposes Plaintiff's request to amend the complaint. See [100].

II. **Legal Standard**

Leave to amend a complaint should be freely granted where justice requires. *Nowlin v. Pritzker*, 34 F.4th 629, 636 (7th Cir. 2022). "The law is clear that a court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted." *Zimmerman*

---

[1] Plaintiff also brings claims against Freud for negligence, breach of express warranty, and breach of implied warrant (Counts I-IV) and against Brooks for negligence (Count V).

2

*v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Defendant, as the party resisting amendment, bears the burden of showing that the proposed amendment would be futile. See *Foreman v. King*, 2013 WL 4482612, at *1 (N.D. Ill. Aug. 20, 2013); see also *City of Waukesha v. Viacom, Inc.*, 221 F.Supp.2d 975, 980 (E.D. Wis. 2002); *Estate of Simpson v. Bartholomew Cnty. Jail*, 2014 WL 5817319, at *1 (S.D. Ind. 2014).

"An amendment is futile when it could not withstand a motion to dismiss." *Ali v. Volkswagen Group of America, Inc.*, 559 F. Supp. 3d 723, 730 (N.D. Ill. 2021) (citing *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014)). To survive a motion to dismiss, "the complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Flores v. City of South Bend*, 997 F.3d 725, 728-29 (7th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Seventh Circuit has interpreted this to require the plaintiff to "'give enough details about the subject-matter of the case to present a story that holds together.'" *West Bend Mutual Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). "In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id*. At the end of the day, "the plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *Spearman v. Elizondo*, 230 F. Supp. 3d 888, 892-93 (N.D. Ill. 2016). It is proper for the Court to "consider, in addition to the allegations set forth

3

in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)); see also Fed. R. Civ. P. 10(c). In addition, the party responding to a motion to dismiss "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Geinosky*, 675 F.3d at 745 n.1.

### III. Analysis

#### A. Statute of Limitations

In Illinois, "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued." 810 ILCS 5/2-725(1); see also *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 454 (Ill. Sup. 1982) (applying statute to breach of warranty claim). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.*§ 2-725(2).

Makita argues that Plaintiff's breach of warranty claims are untimely under § 2-725 and therefore it would be futile to allow Plaintiff to file the proposed fourth amended complaint. The complaint alleges that Plaintiff purchased the angle grinder five to six months before his accident, which would have been between November 12 and December 12, 2016. According to Makita, the statute of limitations expired four years later, between November 12 and December 12, 2020. Plaintiff did not file his claims against Makita until May 12, 2021.

4

In support of its argument that both of Plaintiff's warranty claims are barred by the statute of limitations, Makita cites only cases involving breaches of implied warranty. See [100] at 8. The Court agrees that under this precedent, it is apparent from the face of the proposed fourth amended complaint that Plaintiff's breach of implied warranty claim is untimely.[2] "By proclaiming the general rule that a cause of action accrues when the breach occurs, 'regardless of the aggrieved party's lack of knowledge of the breach,' Section 2–725(2) denies applicability of the discovery doctrine to all implied warranty actions," because "[s]uch unwritten guaranties by definition can never 'explicitly' encompass future performance." *LaPorte v. R.D. Werner Co., Inc.*, 561 F. Supp. 189, 191 (N.D. Ill. 1983) (quoting 810 ILCS 5/2-725(2)); see also *Singer v. Sunbean Products, Inc.*, 2015 WL 4555188, at *3 (N.D. Ill. July 28, 2015); *Progressive Northern Ins. Co. of Ill. v. Ford Motor Co.*, 259 F. Supp. 3d 887, 890 (S.D. Ill. 2017). Plaintiff's claim for breach of implied warranty accrued at the latest when he obtained the angle grinder. He did not bring suit until at least four years and five months later, making the claim untimely under § 5/2-725. Therefore, Plaintiff's motion for leave to file a fourth amended complaint is denied as to the breach of implied warranty claim (Count VII).

However, Makita has not demonstrated that the statute of limitations bars Plaintiff's proposed express warranty claim. Makita does not address the language of its express warranty or whether that language should be read to "explicitly extend[] to future performance of the goods." 810 ILCS 5/2-725(2). Therefore, for purposes of this motion, the Court accepts Plaintiff's

---

[2] The Court is mindful that since the period of limitations is an affirmative defense, it "is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004); see also *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). "But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); see also *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014).

explanation that the express warranty explicitly extended to future performance by warranting that the angle grinder would be "free of defects from workmanship and materials for the period of ONE YEAR from the date of original purpose." [103] at 5; see also *Green v. Ethicon, Inc.*, 497 F. Supp. 3d 364 (C.D. Ill. 2020) (express warranties provided by manufacturers of medical device extended to future performance, and thus patient's claim for breach of express warranty was not barred by the 'CC's four-year limitations period, where the manufacturers warranted that their products were safe and fit for use by consumers as long term treatment of patient's medical condition, that the side effects were minimal and comparable to other comparable products, and that the products were as safe or safer than other products on the market); cf. *Nation Enterprises, Inc. v. Enersyst, Inc.*, 749 F. 1506, 1510 (N.D. Ill. 1990) (under Texas UCC, which mirrors Illinois UCC, contract that expressly warranted pizza oven against defects for one year from date of delivery or 2,100 accumulated hours of use, whichever expired sooner, contained express warranty that extended to future performance). Under § 2-725(2), Plaintiff's "cause of action accrue[d] when the breach [was] discovered." *Id.* Plaintiff alleges that he discovered the defect when he was injured on May 12, 2017, which was less than a year after he purchased the angle grinder and within the warranty period. Plaintiff filed his third amended complaint on May 12, 2021, exactly four years later and just within the limitations period. Therefore, the Court denies Defendant's motion to dismiss the express warranty claim on statute of limitations grounds.

      **B.**      **Sufficiency of Express Warranty Allegations**

Under Illinois law, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." 810 ILCS 5/2-313. "To adequately plead a breach of express warranty, a plaintiff must allege: '(1) the terms of the warranty; (2) a

6

breach or failure of the warranty; (3) a demand upon the defendant to perform under the terms of the warranty; (4) a failure by the defendant to do so; (5) compliance with the terms of the warranty by the plaintiff; and (6) damages measured by the terms of the warranty.'" *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 867 (N.D. Ill. 2021) (quoting *Lambert v. Dollar Gen. Corp.*, 2017 WL 2619142, at *2 (N.D. Ill. June 16, 2017)); see also *Van Zeeland v. Rand McNally*, 532 F. Supp. 3d 557, 564–65 (N.D. Ill. 2021); *Bakopoulos v. Mars Petcare US, Inc*., 2022 WL 846603, at *4 (N.D. Ill. Mar. 22, 2022) (plaintiff must show defendant "breached an 'affirmation of fact or promise that was made a part of the basis of the bargain'" (quoting *Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 865 N.E.2d 334, 340 (Ill. App. 2007)).

In his proposed claim for breach of express warranty, Plaintiff relies on the "Makita Limited One Year Warranty," which states: "Every Makita tool is thoroughly inspected and tested before leaving the factory. It is warranted to be free of defects from workmanship and materials for the period of ONE YEAR from the date of original purchase." [98-1] at 10, ¶ 11. Plaintiff alleges that Makita breached the express warranty because the angle grinder was defective when sold, *id*. at 11, ¶ 23. In particular, the complaint alleges that Makita "designed, manufactured, and placed into the stream of commerce a 4.5" angle grinder" that could "operate with a disc greater in size than for which it was intended," *id*. ¶ 23, and "without a wheel guard," *id*. ¶ 24, and Makita failed to warn about the risk of using a grinder disc sized greater than 4.5" or a cut-off wheel, *id*. ¶¶ 25-27. Plaintiff alleges that he was injured as a direct and proximate result of one or more of these defective conditions. *Id*. ¶¶ 28-29.

Makita argues that the proposed fourth amended complaint fails to state a claim for breach of express warranty because "Plaintiff makes no allegation of a defect that resulted from an inspection or test or of the workmanship and materials of the Angle Grinder." [100] at 9. Rather,

7

"Plaintiff argues that he did not know he wasn't supposed to remove the guard and use a 7" disc on a 4.5" grinder." *Id*. Makita acknowledges that Plaintiff "raise[s] allegations of design and warning defect claims which existed at the time of sale," but maintains that such claims "were subject to a two year statute of limitations and have long been time-barred." *Id* at 10-11. Makita apparently presumes that a design defect could not also be considered a "workmanship" defect in an express warranty. Plaintiff maintains that his allegations are sufficient because he alleges "various breaches of Makita's Express Warranty including: (1) how to remove the wheel guard, (2) that the angle grinder could be operated without a wheel guard, (3) that the angle grinder would be used by its customers with a cut off wheel, and (4) that Makita knew or should have known of this defect upon its manufacture and testing of the subject angle grinder." [103] at 9.

Although Plaintiff does label them as such, he appears to be alleging that the angle grinder had design defects and that Makita failed to failed to warn consumers about them. Under Illinois law, a "manufacturing defect occurs when one unit in a product line is defective, whereas a design defect occurs when the specific unit conforms to the intended design but the intended design itself renders the product unreasonably dangerous." *Donaldson v. Johnson & Johnson*, 37 F.4th 400, 407 (7th Cir. 2022). There is nothing in the proposed fourth amended complaint to suggest that the particular angle grinder Plaintiff purchased was manufactured in a manner that deviated from the intended design. Rather, the proposed complaint alleges that Makita "designed, manufactured, and placed into the stream of commerce" angles grinders that could be operated with a too-large disc and without a wheel guard, and then failed to warn consumers of this condition. [98-1] at ¶¶ 23-24.

Neither Plaintiff nor Defendant addresses whether, under Illinois law, a design defect could also be considered a defect in "materials and workmanship." But the Court's research shows that

8

the Seventh Circuit, applying Illinois law, "has held that warranties for 'material and workmanship' do not cover design defects." *Pickens v. Mercedes-Benz USA, LLC*, 2021 WL 5050289, at *2 (N.D. Ill. Nov. 1, 2021) (citing *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 520, 527 (7th Cir. 2003)) (dismissing breach of express warranty claim where plaintiff alleged that his car sunroof had serious design defects, but plaintiff's warranties covered only "defects in material or workmanship"); see also *Voelker*, 353 F.3d at 520, 527 (granting summary judgment to defendant on breach of express warranty claim where warranty required defendants to replace or repair parts that were "defective in material or workmanship under normal use" and plaintiff "point[ed] to no part of the record showing that a warranty against defective design was part of his contract with any defendant" (citing *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 635 (Ill. App. 2001)); *Hasek*, 745 N.E.2d at 635 (at bench trial, granting judgment for defendant on breach of express warranty claim where plaintiff's expert testified that knocking noise in engine was the result of a design defect and "never testified that this noise was indicative of a defect in materials, workmanship or factory preparation"). cf. *Smith v. Nexus RVs, LLC*, 468 F. Supp. 3d 1012, 1020–22 (N.D. Ind. 2020) (holding under Indiana law that limited one-year warranty for materials and workmanship on a recreational vehicle did not cover design defects; granting summary judgment to defendant after considering case law from other jurisdictions, Indiana products liability law, and the plain language of the warranty, which covered materials and workmanship "in the construction of the recreational vehicle" and provided replacement as remedy); *Shea v. General Motors*, 2021 WL 4804171, at *3 (N.D. Ind. Oct. 14, 2021) ("This court has previously held that a warranty covering 'materials' or 'workmanship' omits coverage for design defects" under Indiana law).

Therefore, the Court concludes that, as currently pled, the proposed complaint does not allege any facts that plausibly suggest that Defendant breached its warranty for materials and

9

workmanship.  In addition, although the express warranty states that "[e]very Makita tool is thoroughly inspected and tested before leaving the factory," the proposed complaint does not allege that Makita breached this portion of the warranty by failing to inspect or test its angle grinders.  Allowing Plaintiff to file the proposed fourth amended complaint therefore would be futile.

That said, the Court is not convinced that Plaintiff would be unable to state a viable claim for breach of express warranty if he were given an opportunity to allege facts concerning any alleged failure to inspect or test or to clarify his allegations concerning any alleged defective conditions of the angle grinder other than design defects.  Therefore, Plaintiff will be given one last opportunity to plead a breach of express warranty claim against Makita if he can do so consistent with this opinion and Rule 11.  See Fed. R. Civ. P. 11.

IV.  Conclusion

For these reasons, Makita's motion to dismiss Plaintiff's third amended complaint [93] is denied as moot.  Plaintiff's motion for leave to file a fourth amended complaint [98] is denied; however, Plaintiff shall be given until October 14, 2022 to file a motion for leave to file a fifth amended complaint, if he believes he can do so consistent with this opinion and Rule 11.

Dated: September 12, 2022

                                                             Robert M. Dow, Jr.
United States District Judge