UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE KRAFCKY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-CV-04234 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| MAKITA U.S.A., INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Theodore Krafcky brings this suit against Freud America, Inc.; Brooks & Sons, Inc.; and Makita U.S.A., Inc., for injuries that he suffered while he was using an angle grinder and grinder disc at work.[1] Krafcky moves for leave, under Federal Rule of Civil Procedure 15(a)(2), to file a Fifth Amended Complaint to address deficiencies in the prior pleading on the claim for breach of express warranty against Makita. R. 110, Pl.'s Mot. Am.; R. 82, Third Am. Compl.[2] For the reasons below, the motion is denied and Makita is dismissed from this case with prejudice.

**I. Background**

The following allegations are taken from the proposed Fifth Amended Complaint. *See* R. 110-2, Fifth Am. Compl.[3] For the purposes of this Opinion, the Court

---

[1]The Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).
[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.
[3]The parties refer to the proposed complaint as the "Fifth Amended Complaint." However, because the previously assigned court *denied* Krafcky's motion for leave to file a Fourth Amended Complaint, the operative complaint is actually the Third Amended Complaint. *See Krafcky v. Frued Am., Inc.*, 2022 WL 4132495, at *1, *5 (N.D. Ill. Sept. 12, 2022). So, as a formal matter, the "Fifth Amended Complaint" should be referred to as the "Fourth Amended

accepts all well-pleaded factual allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In May 2017, Krafcky was working for J Elms Construction Company as a carpenter at a worksite and on a project controlled by Brooks & Sons. Fifth Am. Compl. ¶ 4; *id.* at 7, Count 5, ¶¶ 8–9. At the worksite, Krafcky was using a Makita 4½-inch angle grinder with a circular blade known as the Avanti Pro Metal Cut-Off 7-inch grinder disc. *Id.* ¶¶ 3, 5. The disc broke apart and severely injured Krafcky's left arm. *Id.* ¶¶ 3, 5. Krafcky appears to allege that, in addition to using the 4½-inch angle grinder with the 7-inch disc (which allegedly led to his injuries), he used the grinder with a cut-off wheel and without the grinder's wheel guard. *See id.* at 10–11, Count 6, ¶¶ 13, 16–18. He has since sued Freud America (the disc's manufacturer); Brooks & Sons; and Makita (the angle grinder's manufacturer).

Because only Makita—and none of the other Defendants—opposes Krafcky's motion, the focus here is on the proposed claim for breach of express warranty (Count 6) against Makita. Krafcky alleges that he purchased the angle grinder five or six months before May 2017. Fifth Am. Compl. at 10, Count 6, ¶ 12. According to Krafcky, Makita warranted that the angle grinder was "thoroughly inspected and tested before leaving the factory" and that the product was "free of defects from workmanship and materials for the period of ONE YEAR from the date of original purchase." *Id.* at 10 (capitalization in original), Count 6, ¶ 11. Krafcky relied on these "expressly

---

Complaint." But for clarity and for the sake of consistency with the parties' preferred nomenclature, this Opinion will refer to the proposed complaint as the "Fifth Amended Complaint."

warranted affirmations, promises, and assurance" in using the angle grinder. *See id.* at 12, Count 6, ¶ 25.

Krafcky asserts that Makita breached its warranties by failing to inspect or test its angle grinders and selling a defective product. Fifth Am. Compl. at 12, Count 6, ¶¶ 26–27. That is, Krafcky alleges that Makita breached its warranty by designing and manufacturing a 4½-inch angle grinder "that could operate with a disc greater in size than for which it was intended" and "that could operate without a wheel guard." *Id.* at 12, Count 6, ¶¶ 28–29. Relatedly, Krafcky alleges that had Makita performed an adequate inspection of and properly tested the Angle Grinder, it would have discovered the ability to use the grinder with a "cut off disc greater in size than was intended"; and "without a wheel guard." *Id.* at 11, Count 6, ¶¶ 18–21.

For context, it helps to know a brief history of Krafcky's prior pleadings and the proposed claim for breach of express warranty against Makita. Krafcky originally filed this suit in May 2019 in state court against Freud America (the disc's manufacturer), but the case was removed to federal court in June 2019. *See* R. 1, Notice of Removal. Later, in January 2020, Krafcky filed the Second Amended Complaint, which added Brooks & Sons (the project-management company) as a defendant. *See* R. 32. In May 2021—four years after the May 2017 injury—Krafcky added Makita (the angle grinder's manufacturer) to the suit in the Third Amended Complaint, which asserted claims for breach of express and implied warranty against Makita. *See* Third Am. Compl. at 9–12, Counts 6–7.

3

In December 2021, Krafcky moved to amend the complaint for a fourth time. *See* R. 98; R. 100. In September 2022, however, the previously assigned court denied the motion. *See Krafcky*, 2022 WL 4132495, at *1, *5 (N.D. Ill. Sept. 12, 2022). The court held that Krafcky's implied-warranty claim against Makita was time-barred and denied the motion as to the implied-warranty claim. *Id.* at *1, *3. On the express-warranty claim, the prior court held that although the claim might have been timely filed, Krafcky still failed to adequately state a claim for express warrant. *Id.* at *1. The court reasoned that Krafcky failed to allege "that Makita breached [the purported express warranted] by failing to inspect or test its angle grinders" or "any facts that plausibly suggest that Defendant breached its warranty for materials and workmanship." *Id.* at *5. The prior court concluded that allowing Krafcky to file the proposed Fourth Amended Complaint would be futile. *Id.*

The silver lining for Krafcky, however, was that the prior court also held that Krafcky might be able to state a viable express-warranty claim if "given an opportunity to allege facts concerning any alleged failure to inspect or test or to clarify his allegations concerning any alleged defective conditions of the angle grinder other than design defects." *Krafcky*, 2022 WL 4132495, at *5. And so, though the court denied Krafcky's motion to file a Fourth Amended Complaint, it allowed Krafcky "one last opportunity" to plead an express-warranty claim against Makita if he could do so consistent with the court's opinion and Civil Rule 11. *Id.*

4

Krafcky accepted the prior court's invitation and filed the current motion to amend, along with the proposed Fifth Amended Complaint. Pl.'s Mot. Am.; Fifth Am. Compl. The proposed pleading alleges a single express-warranty claim against Makita. *See* Fifth Am. Compl.

## II. Legal Standard

Even after a party has used its as-of-right amendment to the original complaint, district courts still "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend is not granted automatically. *See Airborne Beepers & Video Inc. v. AT&T Mobility LLC*, 499 F.3d 633, 666 (7th Cir. 2007). Indeed, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 871–72 (7th Cir. 2011) (cleaned up);[4] *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). And although delay alone usually does not warrant denying leave to amend, the "longer the delay, the greater the presumption against granting leave to amend." *Johnson*, 641 F.3d at 872 (cleaned up). Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (cleaned up).

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

5

In opposing the amended pleading, Makita argues, among other things, that the proposed Fifth Amended Complaint and "any future amendments seeking to establish a cause of action against Makita" are futile. Def.'s Resp. at 2, 14. "An amendment is futile when it could not withstand a motion to dismiss." *Ali v. Volkswagen Grp. of Am., Inc.*, 559 F. Supp. 3d 723, 730 (N.D. Ill. 2021) (citing *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014)); *see also Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865 869 (7th Cir. 2013). To decide whether an amendment would be futile, the Court applies the same standard as Rule 12(b)(6) to determine whether the proposal adequately states a claim for relief. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Schwarz v. Loyola Univ. Med. Ctr.*, 2011 WL 1575496, at *3 (N.D. Ill. Apr. 27, 2011) ("In reviewing for 'futility,' district courts apply the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion").

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

6

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

On review of the proposed Fifth Amended Complaint, for the reasons below the Court concludes that it again fails to adequately state an express-warranty claim against Makita. The allegations make clear that any future amendments would be futile, and in any event, in denying Krafcky leave to amend the last time, the previously assigned court warned him that this was the "one last opportunity." *Krafcky*, 2022 WL 4132495, at *5.

Before launching into the analysis of the proposed pleading, it is worth a quick note to say that the Court assumes the allegations in the proposed complaint to be true and does *not* consider any purported facts drawn from Krafcky's deposition. *See Iqbal*, 556 U.S. at 678–79. Makita argues that some facts asserted in the proposed Fifth Amended Complaint conflict with Krafcky's deposition testimony. *See, e.g.*, Def.'s Resp. at 4, 6 n.12, 11–12. But these purported discrepancies are neither here nor there for the purposes of this Opinion. This is because, in general, a court may

7

not consider documents other than the complaint and documents attached to the complaint when deciding a motion to dismiss. *See* Fed. R. Civ. P. 12(d).[5]

An express-warranty claim requires that a seller: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714 (N.D. Ill. 2020). To adequately plead a breach of express warranty under Illinois law, a plaintiff must allege: "(1) the terms of the warranty; (2) a breach or failure of the warranty; (3) a demand upon the defendant to perform under the terms of the warranty; (4) a failure by the defendant to do so; (5) compliance with the terms of the warranty by the plaintiff; and (6) damages measured by the terms of the warranty." *Lambert v. Dollar Gen. Corp.*, 2017 WL 2619142, at *2 (N.D. Ill. June 16, 2017).

Just like with the proposed Fourth Amended Complaint, in the proposed Fifth Amended Complaint, Krafcky relies on the "Makita Limited One Year Warranty" as the basis for the express-warranty claim. R. 98-1, Fourth Am. Compl. at 10–11, Count 6, ¶¶ 10–11, 21–22; Fifth Am. Compl. at 10–12, Count 6, ¶¶ 10–11, 25–27. The warranty represents to the consumer, "Every Makita tool is *thoroughly inspected and tested before leaving the factory*. It is warranted to be free of *defects from workmanship*

---

[5]The Court need not consider the Makita's instruction manual for the Grinder. For the reasons discussed in this Opinion, Krafcky fails to allege defects or acts covered by the alleged express warranty irrespective of the Manual's contents.

*and materials* for the period of ONE YEAR from the date of original purchase."[6] Fifth Am. Compl. at 10, Count 6, ¶ 11 (emphases added). Just as in the proposed Fourth Amended Complaint, the proposed pleading alleges that Makita breached this alleged express warranty because the angle grinder "was defective when sold," *id.* at 12, Count 6, ¶ 27, and because Makita "designed, manufactured, and placed into the stream of commerce" a 4½-inch angle grinder that could operate with a disc greater in size than for which it was intended and could operate without a wheel guard. *Id.* at 12, Count 6, ¶¶ 28–29; Fourth Am. Compl. 11–12, Count 6, ¶¶ 22–24 (same allegations). Krafcky goes on to allege that Makita failed to warn consumers about the risks of harm when using its 4½-inch angle grinders with a disc that is larger than 4½ inches or "with a cutting disc, a special wheel guard designed for use with cut-off wheels." Fifth Am. Compl. at 12–13, Count 6, ¶¶ 30–32.

Just as with the previously rejected complaint, Krafcky appears to be alleging again "that the angle grinder had design defects and that Makita failed to warn consumers about them." *Krafcky*, 2022 WL 4132495, at *4. But Krafcky does not allege any condition of the grinder that caused the disc to break. Nor does Krafcky allege any defect in the workmanship or materials of the grinder. Nor, for that matter, any defects resulting from Makita's alleged failure to thoroughly inspect and test the grinder. Instead, as Makita correctly points out in its response, Krafcky again tries

---

[7]The Court need not consider Makita's argument that the "thoroughly inspected and tested" provision of the warranty did not constitute an express warranty but a statement of fact or "puffery," *see* Resp. at 10–11, because even if the provision was an express warranty, it does not cover Krafcky's allegations or the grinder's alleged defects.

9

to repackage allegations of a *design defect*—that is, the ability of users to install the too-large 7-inch disc on the grinder and to use the grinder without a wheel guard—into an allegation of defective workmanship or materials. *See* Resp. at 4.

As the previously assigned court has already explained, Krafcky's allegations on the grinder's alleged defects (and Makita's alleged acts or omissions) amount at most to a *design defect* claim. Under Illinois law, a "manufacturing defect occurs when one unit in a product line is defective, whereas a design defect occurs when the specific unit conforms to the intended design but the intended design itself renders the product unreasonably dangerous." *Donaldson v. Johnson & Johnson*, 37 F.4th 400, 407 (7th Cir. 2022). Just as with the prior proposed complaint, nothing in the proposed Fifth Amended Complaint suggests that the grinder was *manufactured* in a way that deviated from the intended design. Rather, Krafcky alleges again that Makita "designed, manufactured, and placed into the stream of commerce angles grinders that could be operated with a too-large disc and without a wheel guard, and then failed to warn consumers of this condition." *Krafcky*, 2022 WL 4132495, at *4. This is *not* a defect in workmanship or materials, nor an allegation of a failure to thoroughly test and inspect—which are the only representations covered by the express warranty.

As explained by previously assigned court's opinion, the Seventh Circuit (and other courts) have held that warranties for "materials and workmanship" do *not* cover design defects. *See, e.g.*, *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 520, 527 (7th Cir. 2003) (affirming dismissal of express-warranty claim for a design defect

10

when the warranty covered only "defect[s] in material or workmanship"); *see also Pickens v. Mercedes-Benz USA, LLC*, 2021 WL 5050289, at *2 (N.D. Ill. Nov. 1, 2021) (holding plaintiff had no claim under express warranties that only covered "defects in material or workmanship" and did not cover design defects); *Coba v. Ford Motor Co.*, 932 F.3d 114, 122 (3d Cir. 2019) ("Courts have regularly rejected arguments ... that a design defect is within the scope of a materials-and-workmanship warranty clause.") (clean up) (collecting cases).

Even taking Krafcky's allegations as true, the text of the express warranty plainly does not cover purported design defects. And Krafcky fails to allege any defect in "workmanship and materials" or any non-design-defects from Makita failing to "thoroughly inspect[] and test[]" the Grinder before it left the factory. The proposed complaint generally alleges that if Makita adequately inspected or tested the Grinder, then the maker would have discovered the alleged defects—but, again, those defects are *design* defects, not defects in inspection or testing. The proposed amendment is futile and leave to amend is denied.

Given the prior attempt to plead the express-warranty claim, and given the last-chance warning from the previously assigned court, it is now time to dismiss the express-warranty claim with prejudice, and no further attempts will be permitted. Makita is dismissed from the case with prejudice.[7]

---

[7] Because Krafcky has failed to state an express-warranty claim, there is no need to consider the parties' alternative arguments: the statute of limitations, *see* R. 114, Reply at 3–6; *see also* Resp. at 13–14; whether Krafcky was in privity with the warranty; whether

11

## IV. Conclusion

Krafcky's motion to file the proposed Fifth Amended Complaint is denied. Makita is dismissed from this case with prejudice. The case should move forward against the remaining parties. On or before April 10, 2024, the remaining parties shall file a joint status report that proposes a deadline to finish fact and retained-expert discovery (the reassignment status report said that only Krafcky and a Brooks Rule 30(b)(6) witness have been deposed so far).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 31, 2024

---

Krafcky read or relied on Makita's instruction manual for the grinder; or whether the "open and obvious" exception applies.